OPINION
{¶ 1} Nathaniel Toler was found guilty of theft by a jury in the Montgomery County Court of Common Pleas and sentenced to eleven months of imprisonment. He appeals his conviction, raising two assignments of error.
 {¶ 2} The state's evidence established the following facts. Toler worked as a sales representative for Cincinnati Bell Wireless from May 2, 2001 to September 4, 2001. When he was hired, the company issued him a Compaq Armada 1750 laptop computer, along with a lock for the computer, for use in performing his job duties. Following Toler's termination, he came into the office to collect his personal belongings on September 25, 2001 and took the computer from the office. Attempts by the company to recover the computer from Toler were unsuccessful. On September 26, 2001, Toler was stopped for a traffic violation. While searching Toler's vehicle, the officer noticed a laptop computer inside a black bag containing Cincinnati Bell Wireless literature and business cards. The computer was left inside the vehicle, which was towed. Eventually, the vehicle was searched by a Miami Township police officer, and it was discovered that the laptop was missing.
 {¶ 3} Toler was indicted for theft on October 29, 2001. A jury trial commenced on December 17, 2001. Toler moved for acquittal pursuant to Crim.R. 29(A) at the conclusion of the state's case and at the conclusion of the evidence, and the trial court overruled both motions. The jury found Toler guilty of theft and concluded that the value of the computer was between $500 and $5,000. The trial court sentenced Toler to eleven months of imprisonment.
 {¶ 4} Toler appeals, raising two assignments of error.
 {¶ 5} "I. The trial court erred in failing to grant the appellant's Rule 29 motion."
 {¶ 6} Under this assignment of error, Toler argues that the trial court should have granted his Crim.R. 29(A) motion because the state had not presented sufficient evidence that the value of the computer was greater than $500 but less than $5,000. Toler does not argue that the state presented insufficient evidence that he stole the computer in violation of R.C. 2913.02(A)(1). Rather, he argues that the offense should have been a first degree misdemeanor as there was insufficient evidence that the value of the computer exceeded $500.
 {¶ 7} In reviewing a challenge to the sufficiency of the evidence, we must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the state had proven the essential elements of the crime beyond a reasonable doubt. See State v. Jenks (1991), 61 Ohio St.3d 259,273, 574 N.E.2d 492.
 {¶ 8} As Toler points out, the jury was to determine the value of the computer as of the date of the offense, September 25, 2001. See R.C.2913.61(A). In determining the value of property involved in a theft offense, R.C. 2913.61(D) provides:
 {¶ 9} "The value of personal effects and household goods, and of materials, supplies, equipment, and fixtures used in the profession, business, trade, occupation, or avocation of its owner, which property is not covered under division (D)(1) of this section and which retains substantial utility for its purpose regardless of its age or condition, is the cost of replacing the property with new property of like kind and quality."
 {¶ 10} Toler does not argue that the computer in question was not used in the business of Cincinnati Bell Wireless or that it did not retain its substantial utility for its purpose, and we believe that the evidence supports both conclusions. Rather, Toler argues that the state presented insufficient evidence that the cost of replacing the computer with a new computer of like kind and quality was $500 or more.
 {¶ 11} The Compaq Armada 1750 is no longer made. The state presented the testimony of Andrew Schalk, who, as an Information Systems Analyst, orders computers for Cincinnati Bell Wireless. He testified that the Compaq Armada 1750 had sold for $2,925 in June of 1999. He further testified that the company currently uses the Compaq E500, which is the most equivalent computer to the Compaq Armada 1750. The Compaq E500 sold for $1,850 on September 25, 2000. The jury could have reasonably concluded based upon this evidence that the value of the computer stolen by Toler was in the range of $500 to $5,000. However, Toler makes several specific arguments that we will address.
 {¶ 12} Initially, Toler contends that there was no evidence that the computer issued to him was an Armada 1750. However, Schalk testified that that was the computer issued to Toler, and, when asked whether he had been issued an Armada 1750, Toler himself answered that he had been. Toler next argues that the E500 is substantially superior to the Armada 1750 and therefore cannot be used as evidence of the value of the Armada 1750. However, Schalk testified that the E500 was the most comparable computer made by Compaq and that Cincinnati Bell Wireless only purchased Compaq computers. The state was not required to eliminate the possibility that a computer made by another company might be more comparable to the Armada 1750 than the E500 and might also have a value of less than $500. Likewise, neither the state nor the company were required to definitively verify with Compaq that no Armada 1750 computers were left in a warehouse for purchase. Finally, although the price for a used Armada 1750 appears to have been less than $500 at the time of trial, the statute states that the value of property is to be determined by the cost of replacing the property with new property. R.C. 2913.61(D).
 {¶ 13} The state presented sufficient evidence from which reasonable minds could have concluded that the value of the Armada 1750 on the date of the offense was $500 or more. Therefore, the trial court did not err in overruling Toler's Crim.R. 29(A) motion.
 {¶ 14} The first assignment of error is overruled.
 {¶ 15} "II. The trial court committed plain error by giving a jury instruction on felony theft instead of petty theft."
 {¶ 16} Under this assignment of error, Toler argues that the trial court erred in giving an instruction on felony theft (theft of property valued at between $500 and $5,000) rather than on petty theft (theft of property valued at less than $500). We determined in our discussion of the first assignment of error that the state presented sufficient evidence from which reasonable minds could conclude that the value of the Compaq Armada 1750 computer stolen by Toler was at least $500, making the offense a felony of the fifth degree. Based upon this discussion, we also conclude that the trial court did not err in giving an instruction on felony theft to the jury.
 {¶ 17} Toler also argues that the jury should at least have had the option of finding him guilty of misdemeanor theft rather than felony theft. However, the jury had this option. The trial court instructed the jury that it was to decide the value of the property involved in the offense and "indicate whether the value of the property was less than $500 or $500 or more but less than $5,000." The jury concluded that the value of the computer was $500 or more but less than $5,000.
 {¶ 18} The second assignment of error is overruled.
 {¶ 19} The judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.